IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BRUCE TRACEY,

    Plaintiff,     No. CIV S-07-2495 LKK EFB P

    vs.

SACRAMENTO COUNTY
SHERIFF DEPARTMENT, et al.,

    Defendants.     <u>ORDER</u>

_____/

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff has submitted neither the certified affidavit under paragraph (1) nor the required trust account statement.

////

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. In his complaint, plaintiff has failed to identify by name any additional defendant whom he alleges has violated his constitutional rights. Plaintiff names the Sacramento County Sheriff's Department and Rio Cosumnes Correctional Center as defendants in this action. Section 1983 of Title 42 of the United States Code creates a cause of action against *persons* who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (emphasis added). Neither states nor their agencies are persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To proceed, plaintiff must file an amended complaint.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a

claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff has 30 days from the date this order is served to submit a complete application to proceed *in forma pauperis,* including the required certified affidavit under paragraph (1) and a certified copy of his trust account statement for the six months immediately preceding the filing of this complaint. Failure to comply with this order will result in a recommendation that this action be dismissed.

2. The Clerk of the Court is directed to send to plaintiff a copy of the *in forma pauperis* application used in this district;

3. The Clerk is further directed to remove the "PS" flag on the court's docket and send to plaintiff new case documents; and,

1       4. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an
2 original and one copy of the amended complaint, which must bear the docket number assigned to
3 this case and be titled "First Amended Complaint." Failure to file an amended complaint will
4 result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files
5 an amended complaint stating a cognizable claim the court will proceed with service of process
6 by the United States Marshal.

7 Dated: April 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4